UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERTO SANDERS,

Plaintiff,

v.                                                    CAUSE NO.: 3:20-CV-533-JD-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

Defendants.

OPINION AND ORDER

Roberto Sanders, a prisoner without a lawyer, filed a complaint. A document

filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers . . .” *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations

omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or

seeks monetary relief against a defendant who is immune from such relief. “In order to

state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law.” *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Sanders alleges that, on March 27, 2020, another inmate

attacked him at the Miami Correctional Facility by stabbing him in the back of the neck.

He continued to be assigned to the same side of the same housing unit as his attacker

until his girlfriend called the Indiana Department of Correction to request a move on his behalf. Since his attack, he has suffered constant neck pain due to nerve damage and has informed medical staff about it repeatedly. For his claims, Sanders seeks injunctive relief and money damages.

Sanders names the Indiana Department of Correction and Wexford Medical as defendants. Corporate entities "[may] not be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Because Sanders has not identified a policy or custom that caused his injury, he may not proceed against Wexford. Further, the Eleventh Amendment bars citizens from suing State agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Because the Indiana Department of Correction is not a suable entity, Sanders cannot proceed on a claim for money damages against it.

Sanders also asks for adequate medical care for his neck pain. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Sanders may proceed on an injunctive relief claim for the medical treatment to which he is entitled under the Eighth Amendment. The Warden of the Miami Correctional Facility in his official capacity is the proper defendant for this claim

because he has both the authority and the responsibility to ensure that Sanders receives adequate care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Sanders may proceed on an injunctive relief claim against that defendant.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Miami Correctional Facility as a defendant;

(2) GRANTS Roberto Sanders leave to proceed on an injunctive relief claim against Warden of the Miami Correctional Facility in his official capacity to obtain the medical treatment for his neck pain to which he is entitled under the Eighth Amendment;

(3) DISMISSES Indiana Department of Correction and Wexford Medical;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Miami Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Miami Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Roberto Sanders has been granted leave to proceed in this screening order.

SO ORDERED on June 29, 2020

_____/s/JON E. DEGUILIO_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT