UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERTO SANDERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-533-JD-MGG |
| WARDEN, | |
| Defendant. | |

OPINION AND ORDER

Roberto Sanders, a prisoner without a lawyer, proceeds on an injunctive relief claim against Warden of the Miami Correctional Facility in his official capacity to obtain the medical treatment for his neck pain to which he is entitled under the Eighth Amendment. ECF 5. According to the complaint, the neck pain resulted from an attack by other inmates on March 27, 2020. ECF 2. The defendant filed a motion for summary judgment, arguing that Sanders did not exhaust his administrative remedies because he did not complete the grievance process with respect to his medical treatment. ECF 22.

The defendant also provided Sanders with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 24. The notice informed Sanders of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendant, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Sanders did not file a response.

In a declaration, Shawna Morson, grievance specialist at the Miami Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 23-1. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a three-step grievance process. ECF 23-2 at 10-13. First, inmates must submit a grievance to the grievance officer. *Id.* A grievance must "relate to only one issue or event." *Id.* Further, inmates must "make necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within give (5) business days from the date that it is returned to the offender." *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* The warden or his designee may grant inmates' request to submit a grievance out of time upon a showing of good cause. *Id.* at 13.

According to the grievance records, on April 6, 2020, Sanders submitted a grievance regarding an attack that occurred on March 27 and the inadequate medical care that followed. ECF 23-4. On April 7, the grievance officer returned the grievance and instructed him to submit a separate grievance for his medical concerns. ECF 23-5. The grievance return form advised, "If you choose to correct the problem(s) listed above, you must do so and re-submit this form within five (5) business days. *Id.* On April 24, Sanders submitted a grievance, stating:

> I filed a grievance 4-6-20 concerning my safety and me being stabbed[.] on 4-7-20 I received a return grievance that stated medical needs to be a

> separate grievance[.] on 4-10-20 I turned in a grievance to medical and a grievance for custody and never heard or received anything.

ECF 23-6. In response, the grievance officer responded:

> Your grievance was returned so you could correct it.
>
> You were not instructed to send anything to medical or custody. Just to separate your issues into two grievances since you brought up your medical care was lacking.
>
> You are out of time frame to send me a corrected grievance. You had 5 business days from the date it was returned to make corrections. You have not done so.

ECF 23-7. On June 16, Sanders submitted another grievance regarding the attack and his medical care, but the grievance officer returned it, finding that it was untimely. ECF 23-8; ECF 23-9.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809

3

(7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The record demonstrates that the grievance officer instructed Sanders to separate his medical concerns into another grievance. It demonstrates that Sanders had five business days to submit that medical grievance to the grievance officer but that he did not do so. It further demonstrates that the grievances submitted by Sanders did not comply with the grievance policy due to untimeliness or because they addressed more than one issue. In sum, the record shows that a grievance process was available to Sanders but that he did not complete it with respect to his medical claim. Because Sanders did not exhaust his available administrative remedies, the motion for summary judgment is granted, and this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

4

(1) GRANTS the motion for summary judgment (ECF 22);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on December 3, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT